# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DAVID ADAM GREEN,** | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 2:16-CV-01697-KOB |
| **WIPRO LIMITED,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff David Adam Green sued Defendant Wirpo Limited for "biased and unfair employment practices" and "wrongful termination." (Doc. 1 at 1). Wipro has moved to dismiss Mr. Green's complaint because of improper service and failure to state a claim. (Doc. 10). Because the court finds Mr. Green's complaint fails to state a claim, the court **GRANTS** Wipro's motion and **DISMISSES** Mr. Green's complaint **WITHOUT PREJUDICE**. In addition to the substantive arguments offered against Wipro's motion, Mr. Green asked for leave to amend his complaint. The court **GRANTS** Mr. Green's request and gives him 14 days from the date of this order to file an amended complaint.

**I. BACKGROUND**

Mr. Green's complaint contains a section entitled "Claims," which provided a brief summary of relevant facts, but does not invoke particular causes of action. Mr. Green claims he did not receive performance reviews, was never informed why or when his role changed, did not receive a clear description of his duties and the management structure, did not receive support in finding roles, and was not told of a requirement for him to bill a certain number of hours. Finally,

1

Mr. Green alleges that Wipro did not follow its own termination procedures and showed favoritism and preference to less qualified employees with closer relationships to management.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.* at 679.

## III. DISCUSSION

In response to Wipro's motion to dismiss for failure to state a claim, Mr. Green argues that the complaint alleges that Wipro "acted wrongfully" and "against [his] best interest" by "wrongfully terminating" him. (Doc. 22 at 2). Neither Mr. Green's complaint nor his response to the motion to dismiss reference specific causes of actions. Construing Mr. Green's complaint liberally, his claim against his employer is that it treated him inequitably.

Such facts do not state a claim for relief under either federal or state law. Federal civil rights statutes do not prohibit unfair treatment. *See, e.g, Coutu v. Martin County Bd. of County Com'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995) ("Unfair treatment, absent discrimination based on race, sex, or national origin, is not an unlawful employment practice under Title VII."). Under Alabama law, an at will employment relationship "may be terminated by either party with or without cause or justification." *Bell v. S. Cent. Bell*, 564 So. 2d 46, 48 (Ala. 1990). Absent the existence of an employment contract, Wipro was under no obligation to follow a particular procedure to discharge Mr. Green. The complaint contains no allegations of a contractual relationship between the parties, and nothing shows that Mr. Green was entitled to three months'

worth of severance pay plus the cash equivalent of three months of COBRA payments.

Therefore, Mr. Green has failed to state a claim upon which this court can grant him relief. Because the court will grant Wipro's motion to dismiss under Fed. R. Civ. P 12(b)(6), it need not consider whether service of the complaint was proper.

## IV. CONCLUSION

The court **GRANTS** Wipro's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and **DISMISSES** the complaint **WITHOUT PREJUDICE**. The court **GRANTS** Mr. Green 14 days to file an amended complaint that states a cognizable cause of action. Mr. Green's new complaint, if he wishes to file one, will be due July 13, 2017.

**DONE** and **ORDERED** this 29th day of June, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE